UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 29 PM 12: 18

CLERK
BY ⎯⎯ltw⎯⎯
DEPUTY CLERK

Continental Western Insurance Company,

    Plaintiff

v.

Bread Loaf Corporation,

    Defendant

Case No. 2:21-cv-176

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Continental Western Insurance Company ("Continental") seeks a declaration pursuant to 28 USC section 2201 and Federal Rule of Civil Procedure 57 with respect to its coverage obligations under consecutive insurance policies issued to Defendant Bread Loaf Corporation ("Bread Loaf").

## PARTIES

1. Plaintiff Continental Western Insurance Company ("Continental") is a foreign insurer authorized to do business in the State of Vermont with a principal place of business at 11201 Douglas Ave., Urbandale, IA 50322.

2. Defendant Bread Loaf Corporation ("Bread Loaf") is a Vermont corporation with a principal place of business located 1293 Route 7 South, Middlebury, VT 05753.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 USC section 2201 and F.R.C.P. 57, seeking a declaration of the rights and obligations of the parties to an insurance contract based on a true and actual controversy outlined below.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 US section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states, plaintiff being a citizen of Iowa and the defendant a citizen of Vermont.

5. Venue is proper in the United States District Court for the District of Vermont pursuant to 28 USC section 1391(b)(1), because one of the parties is a citizen in the District and has its place of business in the Vermont District.

## FACTS

6. This coverage dispute arises out of litigation filed by the Northfield Mount Hermon School ("NMHS") against Bread Loaf in the Franklin County, Massachusetts State Court (docket no. 2078-CV-00071).

7. NMHS alleges Bread Loaf breached the terms of the parties' construction contract with NMHS by "improperly and defectively installing the anchor piles for the floating dock and deviating from the Construction Documents." (Complaint, Count III, ¶ 38).

8. NMHS also alleges Bread Loaf breached its duty of due care by "improperly installing the anchor piles for the floating dock system such that the anchor piles shifted out of place"… "deviating from the Construction Documents for the Dock Project." (Complaint, Count IV, ¶s 42-43).

9. Bread Loaf agreed to construct a floating dock system adjacent to NHMS's boathouse on the Connecticut River bed at One Lamplighter Way, Mount Hermon, Massachusetts between September 25, 2017 and March 20, 2018.

10. Pursuant to its contract, Bread Loaf's subcontractor installed five anchor piles for the floating dock system in the Connecticut River bed in early December 2017.

11. In early January of 2018, NMHS discovered that three of the five anchor piles had shifted out of place. NMHS claims the piles were not functional which rendered the remaining aspects of the dock project unusable.

12. At all times relevant to Bread Loaf's construction activities for NMHS it was insured under consecutive commercial general liability policies issued by Continental. Continental issued consecutive commercial general liability policies for the January 1, 2017-January 1, 2018 and January 1, 2019 policy periods. (CPA 036607-16, 17).

13. The Continental policies extend liability coverage, subject to policy terms and conditions, to "property damage" caused by an "occurrence" that takes place during the policy period. The term "property damage" is defined in pertinent part to require physical injury to tangible property or loss of use of tangible property that is not physically injured.

14. The damages NMHS seeks in the Massachusetts lawsuit brought against Bread Loaf do not constitute "property damage" as that term is defined under the Continental policies.

15. The Continental policies exclude liability coverage for "property damage" to:

> 5) That particular part of real property on which you or any contractors or sub-contractors working directly or indirectly on your behalf or performing operations, if the 'property damage' arises out of those operations; or
>
> 6) That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it . . . .
>
> Paragraph 6 of this exclusion does not apply to 'property damage' included in the 'products- completed operations hazard.'

16. NMHS' lawsuit alleges that the anchor pilings must be replaced because Bread Loaf's work was incorrectly performed in deviation of the Construction Documents. NMH's claims for damages associated with Bread Loaf's allegedly defective work are excluded.

16. The Continental policies also excludes liability coverage to "property damage" to "impaired property" or property that has not been physically injured arising out of:

> 1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
>
> 2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

17. To the extent NMHS is asserting a loss of use claim for property that has not been physically injured, exclusion (m) precludes coverage.

## **RELIEF REQUESTED**

WHEREFORE, Continental Western Insurance Company seeks a ruling from the Court that:

A. The Continental commercial general liability policies issued to Bread Loaf Corporation (CPA 036607-16, 17) do not provide coverage for the claims brought against Bread Loaf in the Franklin Superior Massachusetts Court at docket no. 2078-CV-00071.

Respectfully submitted,

Continental Western Insurance Company
By Its Attorneys,

Primmer Piper Eggleston & Cramer, PC

Dated: 6/22/2021

By: _____
Doreen F. Connor, #5160
PO Box 3600
Manchester, NH 03105
(603) 626-3300
dconnor@primmer.com

*4841060.1*